**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **CURTIS HALL** | : | **CIVIL ACTION NO. 15-1819** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JAMES M. LEBLANC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* on June 4, 2015 by plaintiff Curtis Hall.  Doc. 1.  At the time he filed this complaint, plaintiff was incarcerated at Allen Correctional Center in Kinder, Louisiana.

On December 14, 2015, this court issued a Memorandum Order directing plaintiff to amend his complaint within thirty (30) days.  Doc. 8.  A copy of the order was sent to plaintiff at Allen Correctional Center.   On January 4, 2016, the mail was returned to the clerk's office marked "released."  Doc. 9.  On March 4, 2016, plaintiff filed a notice of change of address with the court. Doc. 10.  The clerk's office resent a copy of the memorandum order [doc. 8] to plaintiff at his updated address on March 10, 2016.  As of this date plaintiff has not complied with the court's order to amend.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent

-1-

undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.  Plaintiff has failed to abide by an order of this court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 1ˢᵗ day of June, 2016.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE